FILED'09 FEB 26 12:47 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

YANCEY DANSBY,

        Plaintiff,        Civil No. 09-172-CL

        v.        REPORT AND RECOMMENDATION

D.A. LORRI FELLOWS and
JUDGE JULIE FRANZ,

        Defendants.

CLARKE, Magistrate Judge.

    Plaintiff's Application to proceed in forma pauperis (#1) is allowed. However, for the reasons set forth plaintiff's complaint should be dismissed sua sponte for failure to state a claim. See 28 U.S.C. § 1915(e)(2); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 637 (9th Cir. 1988).

    Plaintiff, an inmate in the custody of the Oregon Department of corrections alleges a "Motion for Amendment of Sentence was sent to defendant Fellows" and that Judge Franz "was served with a 60 day Motion for Amendment of Sentence."

1 - REPORT AND RECOMMENDATION

Complaint (#2) p. 2. Plaintiff further alleges that defendants did not respond to his "motion." Plaintiff seeks declaratory relief that defendants violated his constitutional rights, an injunction ordering defendants to "immediately arrange for plaintiff's release from custody" and expunge his convictions, and money damages. Complaint (#2) p. 3.

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se*

2 - REPORT AND RECOMMENDATION

litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

As a preliminary matter, plaintiff's complaint fails to state a claim because he has not identified any constitutional duty on the part of defendants to respond to his "motion." Assuming plaintiff could plead some sort of constitutional claim or cure the pleading deficiencies of his complaint, he nevertheless fails to state a claim cognizable under 42 U.S.C. § 1983.

To the extent plaintiff seeks damages from defendants, it is well settled that judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. Stump v. Sparkman, 435 U.S. 435, 439 (1978); Sherman v Babbit, 772 F.2d 1476, 1477 (9th Cir. 1985); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

The disposition of a motion pertaining to the modification of a sentence imposed in a criminal prosecution is clearly a judicial function within the jurisdiction of defendant Frantz's court. She is therefore entitled to absolute immunity from plaintiff's claims for damages.

Prosecutors are also absolutely immune from liability for their prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Babcock v. Tyler, 884 F.2d 497, 501 (9th Cir.

3 - REPORT AND RECOMMENDATION

1989). Plaintiff's allegations against defendant Fellows clearly relates to conduct in her capacity as a deputy district attorney for Multnomah County. Accordingly, defendant Fellows is immune from liability to plaintiff.

In addition, in order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional confinement, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). In other words, unlawful confinement does not constitute a compensable injury under section 1983 until the confinement has been invalidated.

Plaintiff has not established that the incarceration he challenges in this proceeding has been reversed or invalidated. Accordingly, a 42 U.S.C. § 1983 claim for money damages is premature.

Plaintiff also seeks declaratory and injunctive relief concerning his conviction and a release from custody.

Habeas corpus is the exclusive remedy when a plaintiff seeks to challenge the fact or duration of confinement or seeks immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas

4 - REPORT AND RECOMMENDATION

corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state remedies requirement. Heck v. Humphrey, supra. Plaintiff has not alleged or established that he has exhausted state remedies as required by 28 U.S. C. § 2254, Rose v. Lundy, 455 U.S. 509 (1982) or filed his request for habeas corpus relief on a form provided by the court as required by Local Rule 295-1(a).

## CONCLUSION

Plaintiff's Application to Proceed In forma Pauperis (#1) is allowed. However, plaintiff's complaint should be dismissed for failure to state a claim. Because the deficiencies of the complaint cannot be cured by amendment the dismissal should be with prejudice to plaintiff's right to file another civil rights case based on the facts alleged in this case. The dismissal should be without prejudice to plaintiff's right to seek habeas corpus relief.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual

5 - REPORT AND RECOMMENDATION

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 26 day of February, 2009

Mark D. Clarke
United States Magistrate Judge